[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this case, Wendi L. Pettit, has applied for discharge for reduction or bond of a mechanic's lien. The court held a hearing on March 28, 2000, and heard testimony from both parties. The court finds that on or about February 12, 2000, Richar D'Arinzo of D'Arinzo Electric and Contracting Company placed a mechanic's lien on real estate belonging to Wendi L. Pettit and gave notice thereof. The lien is defendant's exhibit 2 in the case. It is in the amount of $15,890.00. The applicant, Pettit, claims that there is not probable cause to sustain the validity of the lien and that the respondent must show compliance with all statutes because it is the applicant's residence which is being constructed. The applicant seeks an order of discharge of the lien or a reduction in the amount of the lien or a bond in an amount that the court deems appropriate. CT Page 4705
The court finds that the respondent did show probable cause to sustain the validity of the lien. The claim of the applicant that the respondent failed to comply with certain statutes is not well-placed. The applicant claims that the respondent must show compliance with the Home Improvement Act and the Home Solicitation Sales Act.
The court finds that with respect to the Home Improvement Act, the defendants do not have to show compliance with it because the work done on the subject property was in conjunction with the construction of a new home. The Home Improvement Acts specifically deals with "home improvements". Connecticut General Statutes § 24-419 (4) specifically states that "home improvement does not include; (A) a construction of a new home." Therefore, the defendants do not need to show compliance with the Home Improvement Act.
With respect to the Home Solicitation Sales Act, Connecticut General Statutes § 42-134a states that "home solicitation sale" means that the seller or his personal representative personally solicits the sale. This statute does not include a transaction in which a buyer has initiated the contact and specifically requested the seller to visit his house for the purpose of repairing or performing maintenance upon the buyer's personal property. The evidence in the case was that the applicant requested the respondent to come to his property to do the repairs requested. The respondent did not personally solicit the sale of labor and materials of the owner. The applicant, through her husband and general contractor, approached the respondent to perform the labor and provide certain materials. Therefore, the respondents do not have to show strict compliance with the Home Solicitation Sales Act.
Although there was some evidence that the respondent may not have done all of the work claimed, the evidence certainly did not rise to the level of clear and convincing evidence. The respondents do not have to show that they will prevail on their claim only that there is probable cause to sustain the validity of the lien.
Accordingly, the court finds that the applicant has failed to supply sufficient proof to require the discharge of a lien and the court does not find that any reduction is clearly warranted under the facts of the case as presented. Accordingly, the lien may stand in the amount of $15,890.00.
D. Michael Hurley, Judge Trial Referee CT Page 4706